**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2550
_____

H. FRANK FIFE and JOHN G. AND
ELIZABETH STEELMAN FOUNDATION,
                                                                                Appellants

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND
SECURITY; COMMISSIONER UNITED STATES CUSTOMS & BORDER
PROTECTION; DIRECTOR UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT; JUDSON W. MURDOCK, II, in his official
capacity as Houston CBP Director of Field Operations, individually, jointly,
separately and in the alternative


_____

On Appeal from United States District Court
for the District of New Jersey
(D. C. No. 1-19-cv-13912)
District Court Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 9, 2021
_____

Before: *Chief Judge*, SMITH, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: April 23, 2021)

_____

OPINION[*]
_____

McKee, *Circuit Judge*.

H. Frank Fife and the John G. and Elizabeth Steelman Foundation appeal the District Court decision dismissing their Complaint for lack of standing. We will affirm substantially for the reasons set forth by the District Court in its well-reasoned and thorough opinion. We will only briefly elaborate.[1]

Appellants contend that the Government inflicted concrete and particularized harm on them by barring a third party (Erika Contreras) from reentry to the United States. That third party is not a party to this litigation.[2] They nevertheless argue that Contreras' expedited removal represents both pecuniary and nonpecuniary loss, multiple notice and due process violations, and a deprivation of their liberty and property interests.[3]

Appellants erroneously characterize the Sponsorship Agreement and related documents as a "contract" between them, Contreras, the school she attended, and the Government.[4] Despite their creative arguments to the contrary, the District Court recognized that Appellants' assistance to Contreras was purely gratuitous. They

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had original jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We review "dismissals for lack of standing *de novo*." *Common Cause of Pa. v. Pa.*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 294 n. 2 (3d Cir. 2007)).

[2] **Appellant Br. at 14-15.**

[3] *Id*.

[4] **Appellant Br. at 19-20, 26-29.**

2

previously conceded that they were "to receive nothing in return" for financing

Contreras' education.[5]  Accordingly, Appellants have not met their burden of establishing

Article III standing,[6] and we need not reach their claims of prudential standing.

     For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] **App. 92 at ¶ 138.**
[6] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").